Filed 10/20/23  Stiger v. Providence St. Joseph Health CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| LATASHA STIGER, | B326999 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV15994) |
| v. | |
| PROVIDENCE ST. JOSEPH HEALTH, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Reversed in part, dismissed in part, and remanded with directions.

Mahoney Law Group, Kevin Mahoney and George Singer for Plaintiff and Appellant.

Call & Jensen, Julie R. Trotter, Melinda Evans, Morgan E. Podruski and Ellen Connelly Cohen for Defendants and Respondents.

———————————————

Plaintiff Latasha Stiger sued defendants Providence St. Joseph Health and Aerotek Scientific, LLC under the Private Attorneys' General Act of 2004 (PAGA) for alleged Labor Code violations. Plaintiff's complaint alleged both individual and nonindividual claims (commonly known as representative claims) under PAGA.[1] Defendants moved to compel arbitration of plaintiff's individual claims and to dismiss her nonindividual claims, relying on the holding in *Viking River Cruises, supra,* 142 S.Ct. at pages 1923-1925. On February 10, 2023, the trial court granted defendants' motion, and plaintiff appealed.

On August 22, 2023, the parties filed a stipulation to partially vacate the trial court order and dismiss plaintiff's appeal. The parties agreed plaintiff's nonindividual PAGA claims should not have been dismissed because "an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1114 (*Adolph*).) The parties further agreed plaintiff's individual PAGA claims were properly ordered to arbitration.

Accordingly, the parties request this Court reverse or vacate that portion of the trial court's order dismissing plaintiff's nonindividual PAGA claims with instructions to the trial court

---

[1] In *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ___, 142 S.Ct. 1906, 1916 (*Viking River Cruises*), the U.S. Supreme Court noted that all PAGA actions are "representative" in that the plaintiff either is a representative of the State or of other employees. In this opinion, we use the term "nonindividual claims" to mean those claims involving Labor Code violations against employees other than plaintiff and "individual claims" to mean those involving plaintiff.

that litigation of those claims be stayed pending arbitration of plaintiff's individual PAGA claims. The parties further request plaintiff's appeal be dismissed and each party to bear their own costs on appeal.

Code of Civil Procedure section 128, subdivision (a) grants every court "the power to do all of the following: [¶] . . . [¶] (8) To amend and control its process and orders so as to make them conform to law and justice. An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following:

"(A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.

"(B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).) Courts must fully consider and weigh these factors on a case-by-case basis before reversing or vacating a judgment by stipulation. (*Hardisty v. Hinton & Alfert* (2004) 124 Cal.App.4th 999, 1005 (*Hardisty*).)

We have reviewed the stipulation. Given the California Supreme Court's holding in *Adolph,* the reversal of that portion of the judgment that dismisses plaintiff's representative PAGA claims is likely. "[T]he presence of reversible error is pertinent to the first two [Code of Civil Procedure] section 128[, subdivision] (a)(8) factors. For example, [section] 128[, subdivision] (a)(8)(A) refers to the interests of the public being adversely affected by the stipulated reversal. If there is reversible error, prompt

resolution of the appeal without the considerable expense to the parties of briefing and taxpayer incurred costs of the internal decisionmaking process within the court certainly serves the public interest. Also, section 128, subdivision (a)(8)(B) requires an appellate court to conclude that the reasons for the reversal outweigh the erosion of public trust that may result from the nullification of a judgment before accepting a stipulated reversal. If there is reversible error present, whatever public trust is eroded when a judgment is reversed, the purported erosion of our citizens' faith in the courts is materially mitigated when the reversal would have occurred in any event and the parties agree to accept the inevitable." (*Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324, 1330-1331 (*Union Bank*).)

In addition to the factors discussed in *Union Bank*, the stipulated reversal will have no effect on the incentive for pretrial settlement in this or other litigation. Under these circumstances, we find the parties' stipulation meets the requirements imposed by Code of Civil Procedure section 128, subdivision (a)(8).

### *DISPOSITION*

That part of the February 10, 2023, order dismissing plaintiff's nonindividual PAGA claims is reversed. The trial court shall issue a new and different order (1) denying the motion to dismiss the nonindividual claims and (2) staying proceedings on the nonindividual claims pending the arbitration of the individual claims. Plaintiff's appeal from that part of the February 10, 2023, order compelling arbitration of her individual

4

PAGA claims is dismissed.  Each party to bear their own costs on appeal.


                                       RUBIN, P. J.

WE CONCUR:



                              BAKER, J.



                              KIM, J.